**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 96-CR-81061

STEVEN B. GARY,

    Defendant.
                                     /

**OPINION AND ORDER DENYING DEFENDANT'S
"MOTION TO VACATE JUDGMENT PURSUANT TO RULE 60(B)(6)"**

On March 12, 1997, Defendant Steven Gary pled guilty to a drug charge. He was sentenced on June 18, 1997, to 236 months of incarceration, five years of supervised release and a fine of $5,000. Defendant did not file a direct appeal. On June 11, 1998, Defendant filed a motion under 28 U.S.C. § 2255, alleging, among other things, that he received ineffective assistance of counsel at sentencing. The court denied Defendant's motion on April 9, 1999. On December 18, 2000, the Sixth Circuit Court of Appeals remanded the case to this court "to determine whether defense counsel should have held the government to its burden of proof and should have urged the sentencing court to make specific findings regarding Mr. Gary's responsibility for the drugs that were found." (12/18/00 Order at 4.) This court conducted an evidentiary hearing on May 16, 2001, at which Defendant's trial counsel testified. On June 7, 2001, the court again denied Defendant's § 2255 motion, finding that Defendant's counsel was not ineffective. The court also denied Defendant a certificate of appealability.

On August 7, 2001, Defendant appealed to the Sixth Circuit, arguing, in part, that he was unconstitutionally denied counsel at the May 16, 2001 evidentiary hearing. On February 7, 2002, the Sixth Circuit denied Defendant's motion for a certificate of appealability. On October 18, 2002, Petitioner filed a motion seeking permission to file a second or successive habeas application, which was dismissed on December 30, 2002 "for failure to provide . . . required documentation." (01/13/03 Corrected Order.) The Sixth Circuit stated that the case would not be reinstated. (*Id.*) On May 12, 2003, Defendant filed a "Request for Relief Pursuant to Rule 60(b) Federal Rules of Civil Procedure Regarding Void Judgment as Applied to the Denial of Evidentiary Hearing on 2255 Motion." In that motion, Defendant re-iterated his claim that he was unconstitutionally denied counsel at the May 16, 2001 hearing. On November 26, 2003, the court construed this motion as a motion for permission to file a second or successive proceeding under § 2255 and denied the motion.

Almost four years later, on July 18, 2007, Defendant filed his present "Motion to Vacate Judgement Pursuant to Rule 60(b)(6)." In this motion, Defendant again contests the constitutionality of his lack of counsel at the May 16, 2001 hearing and argues that this claim constitutes a claim under Rule 60(b)(6), not a successive § 2255 petition. In essence, Defendant's most recent motion (1) contends that the court's November 26, 2003 order erred by construing Defendant's Rule 60(b) motion as a second or successive § 2255 motion and (2) re-asserts the merits of the claim he raised in his May 12, 2003 motion. Accordingly, the court will construe Defendant's present motion as a motion for reconsideration of the court's November 26, 2003 order.

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). More significantly for purposes of this motion, Local Rule 7.1(g)(1) requires that "[a] motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order."

Defendant has, without excuse or explanation, filed the present motion almost four years after the court entered its November 26, 2003 order construing his first Rule 60(b) motion as a successive habeas petition and transferring the motion. This belated motion was filed well beyond the time period contemplated by the local rules, and the court finds no good cause or excusable neglect justifying this delay. *See* Fed. R. Civ. P. 6(b). Defendant's motion for reconsideration is therefore untimely and will be denied on that basis.

Even if the court were to construe Defendant's motion as a Rule 60(b) motion instead of a motion for reconsideration, Rule 60(b) requires that such a motion shall be filed "within a reasonable time," and if Defendant claims that the judgment was entered by mistake, "not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b). The court finds that Defendant's motion, filed well outside the one-year time period, was not filed within a reasonable time as required by Rule 60(b). Defendant's motion is therefore untimely and will be denied. Accordingly,

For the reasons stated above, IT IS ORDERED that Defendant's "Motion to Vacate Judgement Pursuant to Rule 60(b)(6)" [Dkt. # 255] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 24, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 24, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522