# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 96-CR-81061

STEVEN B. GARY,

    Defendant.
                                        /

## OPINION AND ORDER DECLINING TO ISSUE
## A CERTIFICATE OF APPEALABILITY

On March 12, 1997, Defendant Steven Gary pleaded guilty to a drug charge. He was sentenced on June 18, 1997, to 236 months of incarceration, five years of supervised release and a fine of $5,000. Defendant did not file a direct appeal. On June 11, 1998, Defendant filed a motion under 28 U.S.C. § 2255, alleging, among other things, that he received ineffective assistance of counsel at sentencing. The court denied Defendant's motion on April 9, 1999. On December 18, 2000, the Sixth Circuit Court of Appeals remanded the case to this court "to determine whether defense counsel should have held the government to its burden of proof and should have urged the sentencing court to make specific findings regarding Mr. Gary's responsibility for the drugs that were found." (12/18/00 Order at 4.) This court conducted an evidentiary hearing on May 16, 2001, at which Defendant's trial counsel testified. On June 7, 2001, the court again denied Defendant's § 2255 motion, finding that Defendant's counsel was not ineffective. The court also denied Defendant a certificate of appealability.

On August 7, 2001, Defendant appealed to the Sixth Circuit, arguing, in part, that he was unconstitutionally denied counsel at the May 16, 2001 evidentiary hearing. On

February 7, 2002, the Sixth Circuit denied Defendant's motion for a certificate of appealability. On October 18, 2002, Petitioner filed a motion seeking permission to file a second or successive habeas application, which was dismissed on December 30, 2002 "for failure to provide . . . required documentation." (01/13/03 Corrected Order.) The Sixth Circuit stated that the case would not be reinstated. (*Id.*) On May 12, 2003, Defendant filed a "Request for Relief Pursuant to Rule 60(b) Federal Rules of Civil Procedure Regarding Void Judgment as Applied to the Denial of Evidentiary Hearing on 2255 Motion." In that motion, Defendant re-iterated his claim that he was unconstitutionally denied counsel at the May 16, 2001 hearing. On November 26, 2003, this court construed this motion as a motion for permission to file a second or successive proceeding under § 2255 and denied the motion.

Almost four years later, on July 18, 2007, Defendant filed a "Motion to Vacate Judgement Pursuant to Rule 60(b)(6)." In this motion, Defendant again contested the constitutionality of his lack of counsel at the May 16, 2001 hearing and argued that this claim constituted a claim under Rule 60(b)(6), not a successive § 2255 petition. The court construed Defendant's motion as a motion for reconsideration of the court's November 26, 2003 order and denied the motion as untimely.[1]

A district court that denies a Rule 60(b) motion must issue an order either granting or denying a certificate of appealability before an applicant may appeal. *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007). This court, having rendered the challenged judgment in the case at bar, is guided by 28 U.S.C. § 2253(c)(2), which

---

[1]The court alternatively found that, even if Defendant's motion was construed as a Rule 60(b) motion, the court would nonetheless deny the Rule 60(b) motion as untimely.

directs the reviewing judge to determine if "the applicant has made a substantial showing of the denial of a constitutional right." To demonstrate this denial, the applicant is required to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In Defendant's "Request for Relief Pursuant to Rule 60(b) Federal Rules of Civil Procedure Regarding Void Judgment as Applied to the Denial of Evidentiary Hearing on 2255 Motion," he (1) contended that the court's November 26, 2003 order erroneously construed Defendant's Rule 60(b) motion as a second or successive § 2255 motion and (2) re-asserted the merits of the claim he raised in his May 12, 2003 motion. The court concludes that reasonable jurists could not find debate or disagree with the court's conclusion that Defendant's claims, whether construed as a motion for reconsideration or a Rule 60(b) motion, were untimely and therefore subject to dismissal. Accordingly,

IT IS ORDERED that the court DECLINES to issue a certificate of appealability.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 7, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 7, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522